### J. M. CHARLES AND JACINTO GONZALES V. THE STATE.

No. 9291. Delivered December 16, 1925,

Rehearing denied February 3, 1926.

**1.—Possession of Intoxicating Liquor—Evidence—Held, Sufficient.**

Where appellant Gonzales was found intoxicated in an automobile containing about four gallons of whiskey, and appellant Charles admitted the ownership and possession of the car, such evidence is sufficient to support a joint conviction of both appellants, and no error appearing in the record, the cause is affirmed.

ON REHEARING

**2.—Same—Continued.**

On rehearing, a careful inspection of the record confirms us that our original opinion, holding the evidence conclusive of the guilt of both appellants in the possession of the intoxicating liquor, the motion for rehearing must be overruled.

Appeal from the District Court of Bee County. Tried below before the Hon. T. M. Cox, Judge.

Appeal from a conviction for possession of intoxicating liquor, for the purpose of sale, penalty one year in the penitentiary against each defendant.

The opinion states the case.

*J. F. Murray,* of Runge, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellants were convicted in the District Court of Bee County for the offense of possessing intoxicating liquor for the purpose of sale and their punishment assessed at confinement in the penitentiary for a term of one year each.

The only question raised by the record is as to the sufficiency of the evidence to support the verdict. We have very care-

fully examined the statement of facts and have reached the conclusion that the testimony is amply sufficient.

Briefly stated, the record shows that the appellants in company with one Cavaro came to a Mexican residence in the town of Pettus in a car and that the appellant Charles left the car and entered the residence. A few minutes later the Sheriff arrived on the scene and found appellant Charles intoxicated and on inquiry Charles told the Sheriff that the car belonged to him. Going to the car the sheriff searched it and found a two-gallon jug practically full of whiskey in the front part of the car and Gonzales sitting on the back seat of the car and there were two other jugs and a glass jar back where he was sitting, same being on the floor of the car in front of the back seat; all of these vessels were practically full of whiskey with the exception of the two-gallon jug and it was more than half full.

A correct charge was given to the jury on the law of principals and we think that under the facts stated, the evidence was amply sufficient to sustain the jury's finding that the appellants were each guilty of the offense of possessing liquor for the purpose of sale. In fact, we are somewhat puzzled to see how the contention can be seriously made that each of these parties was not in possession of this liquor; and there being no question but that they possessed more than a quart, and no explanation offered as to their purpose in having it, the jury in our opinion was fully warranted in concluding that they had it for the purpose of sale under our Statute.

Finding no error in this record, it is our opinion that the case should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Appellants and one Pablo Cavaro, were jointly indicted. In the automobile of the appellant Charles, which was standing near a certain restaurant, there were found by the sheriff four jugs containing an aggregate of five gallons of intoxicating liquor. Part of these jugs were in the front part of the car; the other between the front and

back seats. Appellant had gone into the restaurant. He was in an intoxicated condition. In response to the sheriff's inquiry touching its contents, he said that it contained many different things. Gonzales, a co-defendant, was sitting on the back seat of the car. Near him were two of the jugs setting on the floor in front of the back seat. Appellants were taken in charge by the sheriff. Officer Vaughan was directed by the sheriff to take charge of Cavaro who was also intoxicated. There were circumstances going to show that the car in which the liquor was found was driven to the place at which it was stopped a short time before the arrest.

The court instructed the jury on the law of principals; also upon the law of circumstantial evidence. We are not impressed with the soundness of the contention in the motion for rehearing that the evidence is not sufficient to support the verdict.

Touching the relation of Cavaro to the transaction, the evidence is somewhat obscure save that he was present at the car, though, as we understand, he was not shown by direct evidence to have been in it.

The ownership of the car was asserted by the appellant Charles. Gonzales was in the car. The quantity and location of the liquor were such as to support the finding by the jury that in its possession the appellants Charles and Gonzales were acting together. The fact that Cavaro may also have been a co-principal does not militate against the correctness of the verdict.

The motion is overruled.

*Overruled.*